Matthew J. Jasen, J.
Motion for summary judgment under OBLE 3212, to dismiss all causes of action of the plaintiff Eonald E. McAninch, upon the ground of res judicata of the issue of liability.
On January 15, 1966, a collision occurred between an automobile owned and operated by defendant Higgins and one owned and operated by plaintiff McAninch.
An action was brought against both driver-owners by one, Frank E. Lugsdin, administrator of the estate of Sharon L. Lugsdin, deceased, a passenger in the Higgins car.
The issues of liability and damages were duly tried and the jury rendered a verdict on February 23, 1967, in favor of Higgins of no cause of action and in favor of the estate of the deceased passenger, Sharon L. Lugsdin against McAninch, in the sum of $21,000.
That at the time said verdict was rendered, there was and still is pending this .action brought by Eonald E. McAninch, along with other members of his family against Higgins for personal injuries sustained as a result of the same collision.
Higgins now moves for summary judgment upon the ground that the judgment in Lugsdin v. Higgins and McAninch was res judicata of the issue of liability in the present action.
McAninch opposes this motion arguing that his present counsel did not represent him on the previous trial, that there will be new and further evidence in this action that will be substantially more persuasive than the evidence was in the first action; that the parties to this action are different than those in the first; that McAninch and Higgins did not actually litigate the question of negligence, inter se; and that the prior judgment did not necessarily resolve the issues between them.
In light of the decision in B. R. DeWitt, Inc. v. Hall (19 N Y 2d 141), it seems that the doctrine of mutuality of estoppel no longer prevails.
In this case, where the issue of liability between the parties, is no broader and no different than that raised in the first action, the determination in the first action that McAninch was negligent is conclusive in the present action. The issue of contributory negligence of McAninch in the present action is identical with the issue of his negligence as a codefendant in the (Lugsdin) passenger’s action.
Accordingly, the complaint as to Eonald E. McAninch,. individually and in his derivative capacity, should be dismissed..